UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSMONDO DWAYNE SMITH,<br><br>                              Plaintiff,<br><br>            -against-<br><br>SUPERINTENDENT MILLER; JANE DOE (1); JANE DOE (2), WORKING IN THE MAIL ROOM,<br><br>                              Defendants. | 23-CV-5811 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Coxsackie Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was incarcerated at Green Haven Correctional Facility. Named as Defendants are Green Haven Superintendent Miller and two Jane Does who work in the mail room at Green Haven. By order dated July 20, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.[2]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] The Court received the complaint in this action on June 30, 2023. On July 24, 2023, the Court received another complaint from Plaintiff that also named Superintendent Miller, among others, as a defendant. Because the second complaint was not accompanied by the filing fees or an IFP application, the Clerk of Court docketed that submission as an amended complaint in this action. On August 21, 2023, the Court received a letter from Plaintiff stating that he intended the complaint received on July 24, 2023, to be opened as a new civil action, rather than docketed as an amended complaint in this action. (*See* ECF 7.) By order dated August 24, 2023, the Court directed the Clerk of Court to remove the amended complaint from this action, and to docket that submission as a complaint in a new civil action. (ECF 9.) The original complaint (ECF 1) is thus the operative pleading in this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's claims arose while he was incarcerated at Green Haven Correctional Facility. The following allegations are taken from the complaint. During his previous 13 years of incarceration, Plaintiff has not had issues mailing his legal documents. At Green Haven, however, "[t]he mailroom doesn't send your mail out every day like it [is] suppose[d] to work, they send[] it out when they get to it." (ECF 1, at 3.)[3] Plaintiff alleges that "the people is stating that they are not getting [his] claim [or] motion on time or at all." (*Id.*) Plaintiff also alleges that, unlike other facilities, Green Haven does not provide a certified mail tracking number, preventing Plaintiff from verifying to the court that he sent his legal mail on time.

Since November 17, 2020, Plaintiff has been litigating a motion to vacate his conviction under New York Criminal Procedure Law § 440.10 in the Bronx County Supreme Court. He alleges that

> the judge have give me warrants on barring my claim for my case, to get my freedom back, cause the People claims they don't get my motion which I send certified mail plus no tracking #s on the Disbursement to proof to the judge I'm send both parties the motion to my claim, on time and together the same date, time, tour.

(*Id.*)

Plaintiff also states, in the "relief" section of the complaint and without additional context, "1-4-23 date I got mail dated 12-13-22 from the judge from [B]ronx [S]upreme [C]ourt

---

[3] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

Margaret L. Clancy Judge on my case." (*Id.* at 6.) He states that his Section 440.10 motion was dismissed on March 31, 2023. (*See id.* at 2.)

Plaintiff dated and mailed a letter regarding an unspecified matter to the Sylvia Rivera Law Project on February 6, 2023, but it was not postmarked until February 7, 2023. (*Id.* at 3; *see also id.* at 33.) The letter was returned on February 12, 2023, with a notation stating that it was not deliverable as addressed. (*Id.* at 3; *see also id.* at 33.) Plaintiff did not receive the returned letter until February 17, 2023, and the letter had been opened. (*Id.* at 3.)

Plaintiff filed a grievance in January of 2023 about the mail processing at Green Haven. (*Id.* at 23.) In February of 2023, Superintendent Miller denied Plaintiff's grievance, and Plaintiff wrote an appeal to Superintendent Miller and the Chairman of the Inmate Grievance Resolution Committee ("IGRC"). (*Id.*) The Chairman of the IGRC told Plaintiff that he sent Plaintiff's grievance to Central Office Review Committee ("CORC"). (*Id.*) Plaintiff has not received a response to his appeal or any correspondence from the Inmate Grievance Program Supervisor. (*Id.*) Plaintiff alleges that this is a violation of Section 701.5 of the New York Codes, Rules and Regulations, governing inmate grievance procedures.

Plaintiff attaches to the complaint several DOCCS "Disbursement of Refund Requests," which are largely illegible, that he alleges indicate untimely mail processing. (*See id.* at 27-30.)

Plaintiff seeks money damages.

## DISCUSSION

Plaintiff's federal claims arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.     Claims against Superintendent Miller**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants'

direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.*

*State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that

personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to

an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not

be held liable under Section 1983 solely because that defendant employs or supervises a person

who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government

officials may not be held liable for the unconstitutional conduct of their subordinates under a

theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

must plead and prove the elements of the underlying constitutional violation directly against the

official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Superintendent Miller was personally

involved in the alleged delays in Green Haven's mailing system. If Plaintiff files an amended

complaint that seeks to assert claims against Superintendent Miller regarding alleged delays in

Green Haven's mailing system, he must allege facts showing how this defendant was personally

involved in violating his federally protected rights.

**B.     Mail Claims**

The Court construes Plaintiff's claims that Defendants interfered with his mail as arising

under the First Amendment. A prisoner's First Amendment rights encompass the right to

"adequate, effective and meaningful" access to the courts and to the free flow of incoming and

outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351

(2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-

legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)).

Plaintiff's allegations concerning his legal mail implicate both an access-to-courts claim and a general mail tampering claim.

1.    Access-to-courts claim

Prisoners have "a constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 420 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92–93 (2d Cir. 2004) (quoting *Bounds,* 420 U.S. at 821, 828). Assistance from prison authorities, however, is "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996) (internal quotation marks omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a

constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151-52 (2d Cir. 1986)).

Here, Plaintiff does not allege sufficient facts to state an access-to-courts claim. First, nothing in the complaint suggests that the delays Plaintiff experienced in the processing of his mail were the result of deliberate or malicious action taken by any of the defendants. For example, he alleges that he sent a letter to the Sylvia Rivera Law Project on February 6, 2023, but that it was not postmarked until the following day, and that it was returned as undeliverable as addressed on February 12, 2023. (*See* ECF 1, at 3.) To the extent these allegations suggest anything other than standard mail-processing times, Plaintiff does not allege that any such delay was the result of deliberate and malicious action. Plaintiff's allegation that the returned letter was not provided to him until February 17, 2023 – five days after it was received by the facility – suggests, at most, negligence on the part of mailroom staff.

Second, it is unclear from the complaint whether Plaintiff experienced an actual injury, that is, whether he was frustrated in pursuing an otherwise meritorious legal claim. He states that, since November 17, 2020, he has been pursuing a CPL Section 440.10 motion in the state courts. (ECF 1, at 3.) He alleges that (1) the judge "g[a]ve him warrants on barring [his] claim" and that "people" claim they are not getting his "motion which [he] sen[t] certified mail" (*id.*); (2) "1-4-23 date I got mail dated 12-13-22 from the judge from [B]ronx [S]upreme [C]ourt Margaret L. Clancy Judge on my case" (*id.* at 6); and (3) that his CPL Section 440.10 motion was dismissed on March 31, 2023 (*see id.* at 2). Even when read with the solicitude to which *pro se* plaintiffs are afforded, it is unclear from Plaintiff's allegations what impact, if any, he claims the alleged delays in mail had on Plaintiff's litigation of his CPL Section 440.10 motion. If Plaintiff's otherwise meritorious Section 440.10 motion was frustrated, hindered, or denied as a result of a

defendant's actions, he must allege facts in the amended complaint that demonstrate that the delays impeded his prosecution of the motion. Plaintiff should be mindful that a mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen*, 877 F. Supp. at 871 (citation omitted). As discussed above, Plaintiff must also allege facts suggesting that a defendant acted deliberately and maliciously in denying him access to the courts.

2.     Mail tampering claim

To state a claim based on general mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. As few as two incidents of mail tampering, however, may constitute a First Amendment violation if they are indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id*. at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Here, Plaintiff's sole allegation of mail tampering is that his returned mail addressed to the Sylvia Rivera Law Project was opened before it was returned to him. This single incident in which his returned mail was opened is insufficient to establish a constitutional violation of mail tampering. *See Davis*, 320 F.3d at 351-52. Plaintiff appears to allege that there were multiple incidents in which his mail was delayed, but these allegations do not suggest an ongoing practice of unjustified censorship. *See id.* at 351. Plaintiff therefore fails to state a Section 1983 claim for mail tampering.

The Court grants Plaintiff leave to file an amended complaint alleging facts suggesting a viable Section 1983 claim for mail tampering.

**C.**     **Claims related to Green Haven's Grievance Procedures**

To the extent Plaintiff is attempting to assert constitutional claims arising from not having received a response from DOCCS officials in response to his appeal of his grievance (*see* ECF 1, at 23), Plaintiff fails to state a claim. Courts in the Second Circuit have held that "a prisoner has no constitutional right to a prison grievance procedure or to have his grievances investigated." *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (collecting cases). "[I]nmate grievance programs created by state law are not required by the Constitution, and consequently[,] allegations that prison officials violated those procedures [do] not give rise to a cognizable § 1983 claim." *Harris v. Westchester Cnty. Dep't of Corr.*, No. 06-CV-2011, 2008 WL 953616, at *5 (S.D.N.Y. Apr. 3, 2008) (internal quotation marks and citations omitted, second alteration in original). Thus, prisoners "do not have a due process right to a thorough investigation of grievances." *Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 380 (S.D.N.Y. 2011) (internal quotation marks and citation omitted); *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (finding that "correction officers' failure to properly address [the plaintiff's] grievances by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process because [the plaintiff] was not deprived of a protected liberty interest"). Plaintiff's allegation that he has not received a response to his grievance is therefore insufficient to state a claim under Section 1983. Accordingly, the Court dismisses Plaintiff's claims arising from DOCCS' delay in responding to his grievance for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.**     **State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Because Plaintiff has been granted leave to file an amended complaint, the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims he may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.     Request for *Pro Bono* Counsel**

Plaintiff filed an application for the court to request *pro bono* counsel. (ECF 4.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**F.     NYLAG Clinic**

Although the Court denies Plaintiff's request for counsel, he is encouraged to consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid Section 1983 access-to-court and mail tampering claims, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe"

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)   a description of the injuries Plaintiff suffered; and

d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Green Haven Facility, during the 7-3 p.m. shift."

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5811 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Copies of the NYLAG Clinic's flyer, retainer, and intake form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    September 5, 2023
              New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

        -against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes      ☐ No
           (check one)

___ **Civ.** _____ (   )

**I.**    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
                ID#_____
                Current Institution_____
                Address_____
                _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1    Name _____ Shield #_____
                      Where Currently Employed _____
                      Address _____
                      _____

*Rev. 01/2010*

Defendant No. 2 Name _____ Shield #_____

 Where Currently Employed _____

 Address _____

 _____

Defendant No. 3 Name _____ Shield #_____

 Where Currently Employed _____

 Address _____

 _____

| Who did |
| what? |

Defendant No. 4 Name _____ Shield #_____

 Where Currently Employed _____

 Address _____

 _____

Defendant No. 5 Name _____ Shield #_____

 Where Currently Employed _____

 Address _____

 _____

## II. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?

_____

_____

B. Where in the institution did the events giving rise to your claim(s) occur?

_____

C. What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D. Facts:_____

| What |
| happened |
| to you? |

_____

_____

_____

*Rev. 01/2010*       2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
         _____

        _____

        2.      What was the result, if any?
         _____

        _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
         _____
         _____
         _____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

<div style="float:left; border:1px solid black; padding:4px"><strong>On<br>these<br>claims</strong></div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.    Docket or Index number _____

_____4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="float:left; border:1px solid black; padding:4px"><strong>On<br>other<br>claims</strong></div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.    Docket or Index number _____

_____4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

Signature of Plaintiff    _____

Inmate Number     _____

Institution Address    _____

_____

_____

_____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____

*Rev. 01/2010*                       7



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# NYLAG
### New York Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE SOUTHERN DISTRICT OF NEW YORK

### LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.


_____          _____
Signature                                         Date




**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

**NYLAG**
New York   Legal Assistance Group

Name _____   Date of Birth _____

Facility _____

Identification # _____   Email (if available)_____

**How did you hear about our clinic? (Circle One)**

Pro Se Intake Office              Order/Letter from the Judge              Conference/Hearing with the Judge

Pro Se Information Package        Website                                  Friend/Family

Other _____

**Ethnicity (Circle One)**

Asian/Pacific Islander            Hispanic                   Caucasian

African American                  Middle Eastern             Decline to Answer

African                           Caribbean

Native American                   South Asian

**Education Level (Circle One)**

8th Grade or Less                 GED                        2-4 years of College/Vocational School

Some high school                  College graduate           Decline to Answer

High school graduate              Graduate degree

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**