UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OSMONDO DWAYNE SMITH,

                                    Plaintiff,

                    -against-

SUPERINTENDENT MILLER; JANE DOE
(1); JANE DOE (2), WORKING IN THE MAIL
ROOM,

                                    Defendants.

---

23-CV-5811 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is incarcerated at Attica Correctional Facility, brings this action

*pro se* and *in forma pauperis* ("IFP"). By order dated September 5, 2023, the Court granted

Plaintiff 60 days' leave to file an amended complaint. Plaintiff has not filed an amended

complaint but, on October 13, 2023, the Court received from Plaintiff a 9-page letter with

approximately 140 pages of additional documents attached. Because it is unclear whether

Plaintiff intended to have the Court consider his submission as an amended complaint, and

because Plaintiff's submission does not cure the deficiencies identified in the Court's September

5, 2023 order to amend, the Court grants Plaintiff an additional 30 days' leave to file an amended

complaint.

## BACKGROUND

      Plaintiff filed the original complaint in this action under 42 U.S.C. § 1983, alleging that

Defendants violated his federal constitutional rights when he was incarcerated at Green Haven

Correctional Facility. Named as Defendants were Green Haven Superintendent Miller and two

Jane Does who work in the mail room at Green Haven. Plaintiff's allegations were difficult to

understand, but he appeared to be bringing claims that Defendants interfered with or tampered with his mail.

By order dated September 5, 2023, the Court dismissed Plaintiff's claims against Superintendent Miller because Plaintiff's original complaint did not allege any facts showing that Miller was personally involved in the events underlying his claims. The Court construed the complaint as asserting access-to-court claims and general mail tampering claims, and held that Plaintiff did not allege sufficient facts to state a viable claim for either cause of action. The Court also dismissed Plaintiff's claims arising from the New York State Department of Corrections and Community Supervision's failure to respond to his appeal of his grievance for failure to state a claim because prisoners do not have a constitutional right to a prison grievance procedure or to have their grievances investigated. The Court granted Plaintiff leave to file an amended complaint alleging facts suggesting a viable Section 1983 claim for impeding his access to the courts or a general mail tampering claim. Finally, although the Court denied Plaintiff's application for pro bono counsel, the Court encouraged Plaintiff to contact the New York Legal Assistance Group to obtain free legal assistance.

Plaintiff did not file an amended complaint within 60 days of the Court's order to amend. On October 13, 2023, however, the Court received a 9-page letter from Plaintiff that also included approximately 140 additional pages of attached documents. Plaintiff indicates in the letter that he mailed it on September 19, 2023. (*See* ECF 12, at 7.) The first page of the letter included a caption featuring the parties in this case and bearing the title "Amending Order under

Case # 23-CV-07613 (UA) Consolidated with 23-CV-5811 (LTS)."[1] Along with the cover letter,

Plaintiff includes a document labeled "Affirmation in Support," which states that Plaintiff

> tried to mail out paperwork to my brother cause they are keeping me from making copies, sended it out date 9-6-23, time 920pm tour 3x11 Area RMHU Re-CP-18[th] cell officer took it from my cell slot, signed, dated, got green & white receipt and disbursement form dated 9-11-23 on both receipt but it's not in the system or my brother would have it by now, date 9-11-23, this date of this letter is 9-17-23, why? It's not in the system stated don't exist, check it for your self as well as Attorney General getting served and the Court's never got their's on the unlawful allegation of misconduct to me bring in the (box or SHU) dated 8-10-23, til now disbursement paid for green & white show paid for but don't exist in the USPS tracking system[.][2]

(*Id.* at 2.)[3]

The letter continues,[4]

> [c]an't be a co-inserdent, or it a 'sign' I never had, did, felt or deal with 'people in the sense of in a funny or sexual sense of dudes dealing with dudes[.]' I event don't like to look or judge cause these kid's now of day's are lost in the world of the internet, websites, youtube, Facebook, and I'm trying my hardest to save mine, kids & grandkids, I don't know, why? . . . The audio & video to my claim (states volume) and these Defendant's, sht's, Government official feel and know! Cause it's in their book list on facility handbook coming in the Facility (if) it's untrue or true it's to be investigated the question is why? They are avoiding to

---

[1] These two actions – Nos. 23-CV-7613 and 23-CV-5811 – are not consolidated. The court initially docketed Plaintiff's complaint in the action that became No. 23-CV-7613 as an amended complaint in this action. By order dated August 24, 2023, the Court noted that it received a letter from Plaintiff stating that he intended the newer submission as a new civil action, rather than an amended complaint in this action, and directed the Clerk of Court to remove the amended complaint from this action and to open that document as a complaint in a new civil action. (ECF 9.) That complaint was opened as a new civil action under case number 23-CV-7613. That case is a new, independent civil action; it is not consolidated with this action. On October 27, 2023, the Court directed Plaintiff to file an amended complaint in the new case. ECF 1:23-CV-7613, 15. On December 1, 2023, Plaintiff filed an amended complaint in that action. *See* ECF 1:23-CV-7613, 16.

[2] Plaintiff's submission appears to be missing a page because the page ends mid-sentence.

[3] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from Plaintiff's submission. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

[4] The page starts mid-sentence. Again, Plaintiff's submission appears to be missing a page.

(proof me wrong) They tryed & did everything to make my guilty of this crime &
paperwork in my lawyer's hand & DA's have could have got me acquitted case
(if) the jury only known about the police description the night upon arrest which I
was wearing (all black) on record online booking system, as well, (to the fact's)[.]

(*Id.* at 3.)

Plaintiff further states,

I was sending out mail to my brother to address the court cause PLS, wrote me as
well with (Document's) which is missing from me mailing out my mail to the
Court's on 9-6-23 a talk to pro se clerk she stated they got that mail, NYLAG I'm
waiting to see if they got the return retainer, I filed out and sending back in, all
done on the 9-6-23, law paper's to my amending my complaint (show cause)
certified mail on 9-6-23 just disappeared like my money, tobacco, designes,
privileges of responsibilities are in the (hands of corruption by corruption) (court
sited) in the mail claim of amend complaint pg5, mail claim, the Court construes
Plaintiff claim that Defendant's, (now Coxsackie as well) interfered with his mail
as arising under 1st Amendment Rights.

(*Id.* at 5.)

Among the documents included in Plaintiff's submission are excerpts from a "complaint

for violation of civil rights" complaint form listing "The State of New York & Superintendent &

Individual on Audio & Video to this Complaint" as Defendants and bearing case number "23-

CV-07613 (UA) is consolidated (with) 23-CV-5811 (LTS)." (*Id.* at 10.) The facts section of this

complaint form states,

The facts are on video & audio to these individual's making this claim, which
they are (not) informing me to whom, sgt Fox's (state FOIL) the video audio
which (I can't watch) cause it's on a (Disk) so that show's he's is protecting his
staff, and others[.] To video audio claim, and OSI which is suppose to (inform
me) to who, what, how, to ask why or show proof what's being said on video &
audio to what (I did) or who they are stating allegation claims.

(*Id.* at 14.)

Plaintiff includes a second complaint form, this one labeled as an "Amended Complaint

under the Civil Rights Act," listing numerous defendants from Green Haven Correctional

Facility and, possibly, from Coxsackie Correctional Facility, and bearing case number "23-CV-

07613 (LTS) consolidated w/ 23-CV-5811 (LTS)." (*Id.* at 22.) The fact section of this complaint form states,

> The (fact's) to my claim is the area's on (complaint motion) to the camera's, of the retaliation's, the mail tampering, the fact's to how they treat mental health (inmates) to allegations of rumor's (without fact's) to them steeling mail, of (my design's) on 8-5-23 J Black Hallway time 7:50am informant said he will mail by design's which Officer Crow was present another informant (which) I'm in the (SHU) cause he and the other individual plan to steel some of my art work of designer sneaker's name across state lines (unique brand) going to mess hall at B&C Gate area on camera (CS 59077) where I mailed the original claim to the court's & Attorney General Ms. L. James (certified) . . . [.] If Honor, request copies from Ms. James, the (fact of show cause) will be there, along side certified mail I didn't receive from my friend in the town of my design's with a picture of me & the design's, which was signature (not by me) & my package which arrive at Green Haven Mail Room, which (original paper's) will be as Exhibit (A) to (show cause) of mailroom tampering . . . .

(*Id.* at 23-24.)

Also included among the voluminous attachments to Plaintiff's letter are additional, and substantively and stylistically similar, complaint forms, prison grievances filed by Plaintiff, letters to state court judges, and copies of New York State Freedom of Information Law requests submitted by Plaintiff.

## DISCUSSION

It is unclear whether Plaintiff intended his submission to be considered by the Court as an amended complaint in response to the Court's September 5, 2023 order to amend. While Plaintiff's submission includes language suggesting that he intended to amend a complaint, he submitted multiple, different amended complaint forms, each naming different defendants. Moreover, the amended complaint forms listed two different docket numbers, referring to two actions Plaintiff has pending in this court. Further, the Court granted Plaintiff leave to amend his mail tampering claims, and, while his submission does include allegations regarding his mail, it also includes additional allegations unrelated to any potential mail tampering claim.

Even if the Court were to construe Plaintiff's submission as an amended complaint, it does not comply with Rule 8 of the Federal Rules of Civil Procedure and, to the extent the Court can understand Plaintiff's allegations, it does not cure the deficiencies in identified in the Court's September 5, 2023 order.

Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

While a complaint's statement of claim must contain sufficient factual detail, it should not be "prolix" (*i.e.*, lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass

of verbiage'" (citation omitted)); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Loc. 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.")

Here, Plaintiff's submission does not comply with Rule 8 because it includes multiple complaint forms naming different defendants and setting forth different allegations, contains extraneous and confusing information, and does not contain a short and plain statement showing that Plaintiff is entitled to relief. The Court is unable to decipher with any clarity the specific events and conduct giving rise to any mail tampering claims Plaintiff is attempting to assert. In light of Plaintiff's *pro se* status and the possibility that he may not have intended his submission to be considered as an amended complaint, the Court grants Plaintiff 30 days' leave to file an amended complaint that cures the deficiencies identified in the Court's September 5, 2023 order to amend.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear whether Plaintiff intended his submission to be considered as an amended complaint in this action and because the Court cannot say at this stage in the litigation that further amendment is futile, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his mail tampering claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff should file a single amended complaint form that alleges facts to state viable mail tampering claims as directed in this order and the Court's September 5, 2023 order to

amend, a copy of which is attached to this order. The Court grants leave to amend solely with respect to Plaintiff' mail tampering claims. Any claims that go beyond the limited scope of leave granted in this order will be summarily dismissed from this action without prejudice to refiling them as a new action. Finally, Plaintiff is advised that the action pending under this case number, 23-CV-5811 (LTS), is not consolidated with Plaintiff's action pending under case number 23-CV-7613 (LTS). As stated in the Court's August 24, 2023 order, the complaint in that action was mistakenly filed as an amended complaint in this action and has now been opened as a separate, independent civil action. Plaintiff is directed to include only this case number, 23-CV-5811 (LTS), on documents submitted to the court in this action.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5811 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

A copy of the Court's September 5, 2023 order to amend (ECF 10) is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 8, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                        _____
                                              LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No
(check one)

___ Civ. _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff's          Name_____
                     ID#_____
                     Current Institution_____
                     Address_____
                     _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                      Where Currently Employed _____
                      Address _____
                      _____

*Rev. 01/2010*                                    1

Defendant  No. 2     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:4px; font-weight:bold; font-size:smaller;">Who did<br>what?</div>

Defendant  No. 4     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.      Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____

D.      Facts:_____

<div style="border:1px solid black; display:inline-block; padding:4px; font-weight:bold; font-size:smaller;">What<br>happened<br>to you?</div>

_____

_____

_____

*Rev. 01/2010*                                              2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.       Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
        _____

        2.      What was the result, if any?
        _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

*Rev. 01/2010*                                    4

_____
_____
_____

      2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:     You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.     Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*                         5

_____

_____

_____

**VI.   Previous lawsuits:**

<div style="float:left; border:1px solid black; padding:4px; font-weight:bold;">On these claims</div>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

   Yes _____  No _____

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.     Parties to the previous lawsuit:

   Plaintiff _____

   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____
   _____

   3.     Docket or Index number _____

   4.     Name of Judge assigned to your case_____

   5.     Approximate date of filing lawsuit _____

   6.     Is the case still pending?  Yes _____  No _____

          If NO, give the approximate date of disposition_____

   7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
          _____

          _____

<div style="float:left; border:1px solid black; padding:4px; font-weight:bold;">On other claims</div>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

       Yes _____  No _____

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.     Parties to the previous lawsuit:

   Plaintiff _____

   Defendants _____

   2.     Court (if federal court, name the district; if state court, name the county) _____
   _____

   3.     Docket or Index number _____

   4.     Name of Judge assigned to your case_____

   5.     Approximate date of filing lawsuit _____

_Rev. 01/2010_                          6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number              _____

Institution Address         _____

_____

_____

_____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____